# EXHIBIT A

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MICAH ELDRED, MICHAEL J. DANIELS, DIANE J. HARRISON, JAMES ELDRED, MARY R. ELDRED, MICHOLE ELDRED, NATHAN ELDRED, TONI A. ELDRED, TONI A. ELDRED FBO JORDAN GRATTON, TONI A. ELDRED FBO JUSTIN GRATTON, VANESSA A. VERBOSH, OKSANA SAVCHENKO, MATTHEW J. PRESY, OLESSIA KRITSKAIA, EKATERINA MESSINGER, ABBY LORD, IOULIA HESS, ANNA KROKHINA, GEORGE LINDER, CHRISTINE ZITMAN, CARL DILLEY, HEATHER DILLEY, ROBERT LIZZANO, ELIZABETH LIZZANO, KAREN LIZZANO, SUSAN MILLER, JILLIAN MALLY, MICHAEL MONA, ALAN WOLPER, SARAH WOLPER, ALAN WOLPER FBO MICHAEL WOLPER, CADEF: THE CHILDHOOD AUTISM FOUNDATION, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> SEAFARER EXPLORATION CORP.; CLEARTRUST, LLC; and KYLE KENNEDY, individually, <br><br> Defendants. | 09 30763 <br> Civil Action No. _____ <br><br> COMPLAINT FOR DIVISION A <br> DECLARATORY RELIEF, <br> INJUNCTIVE RELIEF <br> AND DAMAGES <br><br> JURY TRIAL DEMANDED <br><br><br> RECEIVED AND FILED <br><br> DEC 1 1 2009 <br><br> CLERK OF CIRCUIT COURT <br> HILLSBOROUGH COUNTY, FL |

## COMPLAINT

COME NOW Micah Eldred and certain individuals to whom Micah Eldred gifted certain stock (the "Plaintiffs"), by and through their attorneys, Locke Lord Bissell & Liddell LLP, and file this Complaint for declaratory relief, injunctive relief and damages against Defendants Seafarer Exploration Corp. ("Seafarer"), ClearTrust, LLC ("ClearTrust"), and Kyle Kennedy ("Kennedy"), and state as follows:

1

### PRELIMINARY STATEMENT

1. This action arises out of Defendants' collective and wrongful refusal to remove restrictive legends from certain certificates of common stock of Seafarer. Despite proper demands for the removal of the restrictive legends, Defendants have repeatedly refused to issue "clean" share certificates without the restrictive legends and have thereby prohibited Plaintiffs from lawfully trading their shares of Seafarer stock.

2. Defendants' wrongful actions have prevented Plaintiffs from deriving the benefits to which they are lawfully entitled and have directly resulted in significant damages.

### PARTIES

3. Plaintiff Micah Eldred ("Eldred") is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

4. Plaintiff Michael J. Daniels is an individual residing in Manatee County, Florida, and is an owner of shares of common stock in Seafarer.

5. Plaintiff Diane J. Harrison is an individual residing in Manatee County, Florida, and is an owner of shares of common stock in Seafarer.

6. Plaintiff James Eldred is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

7. Plaintiff Mary R. Eldred is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

8. Plaintiff Michole Eldred is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

9. Plaintiff Nathan Eldred is an individual residing in Hillsborough County, Florida, and is an owner of shares of common stock in Seafarer.

10. Plaintiff Toni A. Eldred is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer individually and an owner of shares of common stock in Seafarer for the benefit of Jordan Gratton and an owner of shares of common stock in Seafarer for the benefit of Justin Gratton.

11. Plaintiff Vanessa A. Verbosh is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

12. Plaintiff Oksana Savchenko is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

13. Plaintiff Matthew J. Presy is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

14. Plaintiff Olessia Kritskaia is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

15. Plaintiff Ekaterina Messinger is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

16. Plaintiff Abby Lord is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

17. Plaintiff Ioulia Hess is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

18. Plaintiff Anna Krokhina is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

19. Plaintiff George Linder is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

20. Plaintiff Christine Zitman is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

21. Plaintiff Carl Dilley is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

22. Plaintiff Heather Dilley is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

23. Plaintiff Robert Lizzano is an individual residing in Mercer County, New Jersey, and is an owner of shares of common stock in Seafarer.

24. Plaintiff Elizabeth Lizzano is an individual residing in Mercer County, New Jersey, and is an owner of shares of common stock in Seafarer.

25. Plaintiff Karen Lizzano is an individual residing in Mercer County, New Jersey, and is an owner of shares of common stock in Seafarer.

26. Plaintiff Susan Miller is an individual residing in Mercer County, New Jersey, and is an owner of shares of common stock in Seafarer.

27. Plaintiff Jillian Mally is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

28. Plaintiff Michael Mona is an individual residing in Pinellas County, Florida, and is an owner of shares of common stock in Seafarer.

29. Plaintiff Alan Wolper is an individual residing in Fulton County, Georgia, and is an owner of shares of common stock in Seafarer individually and an owner of shares of common stock in Seafarer for the benefit of Michael Wolper.

30. Plaintiff Sarah Wolper is an individual residing in Orange County, North Carolina, and is an owner of shares of common stock in Seafarer.

31. Plaintiff CADEF: The Childhood Autism Foundation, Inc. is a corporation doing business in Georgia and is an owner of shares of common stock in Seafarer.

32. Defendant Seafarer Exploration Corp. is a Delaware corporation with its principal place of business located at 14497 N. Dale Mabry, Suite 209 N, Tampa, Florida, 33618. Defendant Seafarer may be served with process through its registered agent, Kyle Kennedy, at this same address.

33. Defendant ClearTrust, LLC ("ClearTrust") is a Florida limited liability company with its principal place of business located at 17961 Hunting Bow Circle, Suite 102, Lutz, Florida, 33558. Defendant ClearTrust may be served by serving its registered agent, Juan Osario, at 3837 Northdale Boulevard, Suite 114, Tampa, Florida, 33624.

34. Defendant Kyle Kennedy ("Kennedy") is an individual residing at 18829 Rue Loire, Lutz, Florida, 33549. At all times relevant to this Complaint, Kennedy was the President, Chief Executive Officer and Chairman of the Board of Defendant Seafarer. Kennedy's daughter, Kara Kennedy, is the Managing Member and Executive Director of Defendant, ClearTrust. Kennedy's son-in-law, Juan Osario (Kara Kennedy's husband), is the majority owner of Defendant ClearTrust.

### JURISDICTION AND VENUE

35. This court has original jurisdiction over this action under Fla. Stat. § 26.012(2)(a).

36. Venue in this court is proper in that Defendants Seafarer and ClearTrust both have their principal places of business in Hillsborough County and conduct business in Hillsborough County and in the State of Florida.

37. Venue is also proper because Defendants Seafarer and ClearTrust both have registered agents in Hillsborough County.

## GOVERNING LAW

38. As Seafarer is a Delaware corporation, and the facts of this case revolve around its obligation to issue instructions regarding its shares, Delaware law applies in accordance with Fla. Stat. § 678.1101.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

39. On or about October 13, 2008, Plaintiff Micah Eldred ("Eldred") purchased a block of 34,700,000 shares of common stock in Defendant Seafarer (the "Shares").

40. According to filings with the United States Securities and Exchange Commission, Seafarer is a company engaged in the exploration and recovery of a potential historic shipwreck site.

41. The certificates for each of the Shares purchased by Eldred all bore the following legend restricting their salability:

> The shares represented by this certificate have not been registered under the Securities Act of 1933, as amended. The shares have been acquired for investment and may not be offered, sold, or otherwise transferred in the absence of an effective registration statement with respect to the shares or an exemption from the registration requirements of said act that is then applicable to the shares, as to which a prior opinion of counsel may be required by issuer or the transfer agent.

42. The presence of this restrictive legend on a stock certificate forecloses the public sale or trading of that stock certificate until the issuer's transfer agent removes the legend by reissuing the certificate without the legend.

43. On or about October 13, 2008, Eldred gifted most of the 34,700,000 Shares to certain friends, family, and colleagues (i.e., the Plaintiffs named in this Complaint), and kept ownership of 4,140,000 Shares.

44. Eldred's gifting of the Shares was lawful and not prohibited by the Uniform Commercial Code or Rule 144 of the Securities Exchange Act of 1933.

45. At some point after receiving the gifted Shares, the recipient Plaintiffs and Eldred became desirous of having the ability to trade or sell their Shares, something which they would be unable to accomplish as long as their Share certificates contained the restrictive legend. Accordingly, Plaintiffs decided to contact the transfer agent responsible for the Shares to request that the restrictive legend be removed.

46. A transfer agent is responsible for, among other things, maintaining records of investors, canceling stock certificates when necessary, issuing stock certificates when called for and removing restrictive legends when that is appropriate.

47. At all times relevant to this Complaint, Defendant ClearTrust served as the transfer agent for the Seafarer Shares.

48. Kara Kennedy, the daughter of Defendant Kyle Kennedy, is the Managing Member and Executive Director of ClearTrust. Kara Kennedy's husband, Juan Osario, is the majority owner of ClearTrust.

49. Defendant Kyle Kennedy is the President, CEO and Chairman of the Board of the Defendant Seafarer. Seafarer Directors Chris Gilcher and Pelle Ojasu are members of ClearTrust.

50. Pursuant to Rule 144 of the Securities and Exchange Act of 1933 ("Rule 144"), on June 10, 2009, and shortly thereafter, requests were submitted to ClearTrust to have the restrictive legends removed from Eldred's Shares as well as the Shares that Eldred gifted to the other Plaintiffs. These requests included opinions from an attorney, Jackson Morris, stating that the Shares were properly encompassed by a Rule 144 exemption, as well as affidavits from

7

Eldred showing facts that would appropriately warrant application of the Rule 144 exemption. Copies of these legend removal requests are attached hereto as Exhibit A.

51. On June 22, 2009, upon receiving the requests for legend removal and issuance of "clean" certificates without the restrictive legends, Defendant Kyle Kennedy wrote a letter on behalf of his company, Defendant Seafarer, to his daughter's company, Defendant ClearTrust, instructing ClearTrust not to issue shares without the restrictive legends. A copy of this letter is attached hereto as Exhibit B.

52. In support of Defendant Seafarer's wrongful instruction not to remove the legends, Defendant Kennedy cited, among other reasons, the fact that Seafarer "does not accept blanket Rule 144 opinions" (opinions that apply to more than one shareholder). See Exhibit B.

53. Contrary to Seafarer's and Kennedy's position, blanket opinion letters are routinely accepted and forwarded to transfer agents, and are customarily accepted in the transfer agent industry.

54. In fact, there are no laws or SEC regulations requiring opinion letters.

55. Moreover, ClearTrust's majority owner and manager, Kara Kennedy (the daughter of Defendant Kyle Kennedy), routinely accepted blanket opinions when she was still employed as the operations manager at Island Capital Management, LLC – a transfer agent company jointly owned and operated by Plaintiff Eldred and Defendant Kennedy before Defendant Kennedy and his daughter departed to form ClearTrust.

56. In response to the wrongful rejection, on July 17, 2009, Eldred submitted a second written letter to ClearTrust requesting the removal of the restrictive legend from his Shares. This second request also included a legal opinion that the Shares met the requirements of Rule 144. A copy of this July 17, 2009 request is attached hereto as Exhibit C.

57. On August 7, 2008, and in response to this second request for legend removal, Defendant Kennedy again wrote a letter on behalf of his company, Defendant Seafarer, to his daughter's company, Defendant ClearTrust, instructing ClearTrust not to issue shares without the restrictive legend. This instruction was, once again, wrongful and based on improper reasons. A copy of this letter from Defendant Kennedy, addressed to his daughter Kara Kennedy at ClearTrust, is attached hereto as Exhibit D.

58. On August 12, 2009, Defendant Kennedy sent yet another letter on behalf of Defendant Seafarer to Defendant ClearTrust (again addressed to his daughter) with instructions that the restrictive legend not be removed. This August 12, 2009 letter is attached hereto as Exhibit E.

59. On August 31, 2009, Jackson Morris, the attorney who authored the Rule 144 opinions, sent a letter to Kara Kennedy at ClearTrust disputing the bases upon which her father purportedly relied in instructing ClearTrust not to remove the restrictive legends. To date, ClearTrust has not responded to Mr. Morris' letter and the restrictive legends have not been removed. This August 31, 2009 letter is attached hereto as Exhibit F.

60. At all times relevant to this Complaint, Plaintiffs met the requirements of Rule 144 and were entitled to have the restrictive legend removed from their Shares.

61. Defendants had no valid basis for refusing to comply with Plaintiffs' legend removal requests. Defendant Kennedy wrongfully instructed ClearTrust not to remove the legend. Defendant Seafarer wrongfully instructed ClearTrust not to remove the legend. Defendant ClearTrust wrongfully refused to remove the legend.

62. At all times relevant to this Complaint, Defendants knew that they had no valid legal basis to refuse to remove the legend from the Shares or to restrict or prevent the transfer of the Shares.

63. Defendants' wrongful refusal to remove the restrictive legend from the Shares has prevented Plaintiffs from lawfully selling or transferring their Shares of Seafarer stock.

64. Upon information and belief, Defendants' refusal to remove the legend was motivated by Defendant Kennedy's personal animus toward Plaintiff Eldred.

65. Upon information and belief, Defendants have agreed to remove the restrictive legends from certificates held by other Seafarer shareholders at their request, and these other shareholders' shares are being sold, thereby flooding the market and reducing the price of Seafarer stock.

66. Upon information and belief, during the period of time Plaintiffs' Shares were wrongfully restricted from trading by Defendants, Seafarer stock traded at a high of $0.04 per share (on July 18, 2009) but has now lost approximately 75% of its value and is trading at or about $0.010 per share, resulting in a loss to the Plaintiffs of approximately $1,041,000 to date.

67. As a result of Defendants' wrongful conduct, Plaintiffs have been damaged in an amount more specifically to be proven at trial.

68. Equitable relief is available as an independent remedy to the holder of the certificate of stock bearing the restricted legend to compel the issuer and/or the transfer agent to remove the restricted legend.

69. Additionally, an issuer who fails to register or fails to remove a restricted legend from a certificate of stock ownership is liable in compensatory damages, consequential damages

and in some cases punitive damages with respect to an unreasonable delay in removing the restricted legend after a proper request has been made.

## COUNT I
## DECLARATORY JUDGMENT
### (ALL DEFENDANTS)

70. Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

71. An actual controversy exists between Plaintiffs and Defendants arising out of the events alleged in this Complaint, and a judicial declaration is necessary at this time so that the parties may know their rights and duties with respect to the Share certificates.

72. Plaintiffs are the legal owners of the Shares at issue in this lawsuit.

73. Plaintiffs have satisfied all of the requirements under Rule 144 to have the restrictive legends removed from their respective Shares.

74. As set forth above, Defendants share co-extensive duties to remove the restrictive legends to facilitate the transfer of Plaintiffs' Share certificates and have wrongfully refused to do so, violating Rule 144 and 6 Del. C. § 8-401.

75. To date, the restrictive legends on the Share certificates have not been removed.

76. Defendants' wrongful conduct has caused Plaintiffs' to be unable to transfer or sell their respective Shares.

77. Pursuant to the Declaratory Judgment Act, chapter 86, Florida Statutes (2007), Plaintiffs request that the Court issue a judgment (i) declaring that Plaintiffs have satisfied all of the requirements of Rule 144 and that Plaintiffs are entitled to have new stock certificates issued that are not embossed with a restrictive legend and (ii) directing Defendants to remove the

restrictive legends from the Share certificates and to reissue the Share certificates as Plaintiffs initially requested.

78. Plaintiffs further request that the Court grant Plaintiffs a money judgment against Defendants for all damages suffered by Plaintiffs as a result of the decrease in value of the Shares (approximately $1,041,000 to date but to be more fully proven at trial) plus all costs and expenses incurred by Plaintiffs, including attorney's fees, in enforcing their rights, and for such further relief as the Court deems just and proper.

## COUNT II
## CONVERSION
## (ALL DEFENDANTS)

79. Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

80. Defendants have wrongfully denied Plaintiffs' requests to transfer the Shares and to remove the restrictive legends.

81. At the time Plaintiffs requested the removal of the legend, Plaintiffs were the lawful owners of the Shares.

82. By refusing Plaintiffs' requests, Defendants have exercised unauthorized dominion over the Shares.

83. By exercising unauthorized dominion over the Shares, Defendants have improperly converted the Shares, which are the property of the Plaintiffs.

84. By failing to remove the restrictive legends from the Share certificates and replacing the stock certificates without the legends and having the exclusive power and control to do so, Defendants also have, without any privilege, interfered with Plaintiffs' possession and enjoyment of the Share certificates.

85. Since Plaintiffs made their requests to transfer the Shares, the value of the Shares has decreased from $0.04 to approximately $0.010.

86. As a result of Defendants' conversion of the stock certificates, Plaintiffs have suffered damages of approximately $1,041,000, to be more fully proven at trial.

87. Plaintiffs respectfully request the Court to grant Plaintiffs judgment against Defendants for all damages suffered by Plaintiffs as a result of Defendants' unlawful and wrongful conversion of the Shares, including but not limited to the decrease in the value of the Shares and the costs and expenses and attorney's fees incurred by Plaintiffs in enforcing their rights.

## COUNT III
## VIOLATION OF DELAWARE UNIFORM COMMERCIAL CODE
### (ALL DEFENDANTS)

88. Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

89. All Defendants owe duties to Plaintiffs to perform ministerial stock transactions, such as removing unnecessary restrictive legends, under Article 8 of Delaware's Uniform Commercial Code.

90. Section 8-401 of the Delaware U.C.C. provides:

(a) If a certificated security in registered form is presented to an issuer with a request to register transfer ... the issuer shall register the transfer as requested if:

(1) Under the terms of the security the person seeking registration of transfer is eligible to have the security registered in its name;

(2) The endorsement or instruction is made by the appropriate person;

(3) Reasonable assurance is given that the endorsement or instruction is genuine and authorized;

(4) Any applicable law relating to the collection of taxes has been complied with;

(5) The transfer does not violate any restriction on the transfer imposed by the issuer in accordance with section 8-204;

(6) A demand that the issuer not register transfer had not become effective under section 8-403 or the issuer had complied with section 8-403(b) but no legal process or indemnity bond is obtained as provided in section 8-403(d);

(7) The transfer is in fact rightful or is to a protected purchaser. 6 *Del. C.* §8-401.

91. Defendants Seafarer and Kennedy had a mandatory duty to register the transfer of the Share certificates under Section 8-401 of the Delaware Uniform Commercial Code, 6 Del C. §§ 8-401.

92. The existence of an active dispute related to the shares does not obviate Defendants' duty to perform ministerial stock transactions under Delaware Code § 8-401.

93. Defendants used inappropriate excuses to deny Plaintiffs' requests for removal of the stock legend, thereby violating this statute.

94. Defendant ClearTrust also had a mandatory duty to register the transfer of the Share certificates under Section 8-407. Section 8-407 provides as follows:

A person acting as authenticating trustee, transfer agent, registrar, or other agent for an issuer in the registration of a transfer of its securities, in the issue of new security certificates or uncertificated securities, or in the cancellation of surrendered security certificates has the same obligation to the holder or owner of a certificated or uncertificated security with regard to the particular functions performed as the issuer has in regard to those functions

95. Thus, ClearTrust had the same obligations with regard to the registration of the transfer of stock as Seafarer, the stock issuer.

96. Defendants' refusal to remove the legends is without excuse, as Plaintiffs (i) were eligible to have the securities registered in their names without restrictive legends, (ii) provided

their instructions to the appropriate transfer agent, and (iii) provided reasonable assurances that their requests were genuine and authorized. Further, the reissuance violated no legitimate restriction on transfer imposed by Seafararer, and the reissuance was in fact rightful.

97. Plaintiffs have satisfied all conditions listed in section 8-401 of the Delaware UCC.

98. By violating Delaware law, Defendants are liable to Plaintiffs for damages pursuant to §8-401.

99. As a result of Defendants' failure and refusal to remove the restrictive legends to facilitate the transfer of the Seafarer stock, Plaintiffs are unable to freely trade the stock and realize any benefit therein and have suffered and continue to suffer damages of approximately $1,041,000, but to be more fully proven at trial.

### COUNT IV
### VIOLATION OF DELAWARE CORPORATE CODE
### (DEFENDANTS SEAFARER AND KYLE KENNEDY)

100. Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

101. Delaware Code §158 provides as follows:

Every holder of stock represented by certificates shall be entitled to have a certificate signed by, or in the name of the corporation by the chairperson or vice-chairperson of the board of directors, or the president or vice-president, and by the treasurer or an assistant treasurer, or the secretary or an assistant secretary of such corporation representing the number of shares registered in certificate form.

102. 8 Del.C. § 158 entitles every holder of certificated stock to have a certificate representing the number of shares registered in certificate form. Courts have held that, by necessary implication, this right includes the right to a proper certificate without a legend or restriction, where such a legend is no longer appropriate.

15

103. By refusing to reissue the Shares without the restrictive legend, Defendants Seafarer and Kennedy have violated Delaware Code § 158 and have caused Plaintiffs to suffer damages of approximately $1,041,000, to be more fully proven at trial.

### COUNT V
### NEGLIGENCE
### (ALL DEFENDANTS)

104. Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

105. Defendants had a duty to remove the legends and to issue unrestricted Shares to Plaintiffs given that all the requirements of Rule 144 were properly met.

106. Defendants breached their duty to remove the restrictive legends and to issue unrestricted Shares to Plaintiffs when they refused to issue such Shares without a valid reason.

107. As a proximate result of Defendants' refusal to issue unrestricted Shares, Plaintiffs were unable to sell the Shares, the Shares have now lost value and Plaintiffs have suffered damages of approximately $1,041,000, to be more fully proven at trial.

### COUNT VI
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (ALL DEFENDANTS)

108. Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

109. Because Defendants have wrongfully denied Plaintiffs' requests to transfer the Shares and to remove the restrictive legends, Plaintiffs have been unable to sell the Shares which Plaintiffs most certainly would have been able to accomplish, and thereby Plaintiffs have failed to realize their reasonable probability of a business opportunity by receiving proceeds from the sale of the respective Shares.

110.    Defendants acted willfully, purposefully and deliberately in denying Plaintiffs the opportunity to receive the Shares without the restrictive legends, and thereby sell the Shares which Defendants knew Plaintiffs would be able to accomplish.

111.    Plaintiffs have been deprived of monetary gain because they are unable to sell their Shares without the removal of the restrictive legend, and thus Defendants' actions have directly resulted in damages to the Plaintiffs of approximately $1,041,000, to be more fully proven at trial.

## COUNT VII
### CONSPIRACY
### (ALL DEFENDANTS)

112.    Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

113.    At all relevant times, Defendants knowingly aided and abetted one another and intentionally agreed and conspired together to wrongfully deny Plaintiffs' requests for removal of the restrictive legends from the Shares, in violation of Delaware law.

114.    Defendants acted upon their conspiracy by intentionally and wrongfully refusing Plaintiffs' requests for removal of the restrictive legends and, as a direct and proximate result of these conspiratorial acts, Plaintiffs have suffered damages of approximately $1,041,000, to be more fully proven at trial.

## COUNT VIII
### INJUNCTIVE RELIEF
### (ALL DEFENDANTS)

115.    Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if fully set forth herein.

116.    Plaintiffs are the legal owners of the Shares at issue in this lawsuit.

117. Plaintiffs have satisfied all of the requirements under Rule 144 to have the restrictive legends removed from their respective Shares.

118. Defendants are obligated to remove the restrictive legends from Plaintiffs' Share certificates and have wrongfully refused to do so, violating Rule 144 and 6 Del. C. § 8-401.

119. Upon information and belief, Defendants have agreed to remove the restrictive legends from certificates held by other shareholders at their request, and these other shareholders' shares are being sold, thereby flooding the market and reducing the price of Seafarer stock.

120. Plaintiffs have suffered and continue to suffer irreparable harm, as their Shares are declining in value and Plaintiffs are unable to sell their shares at full market value due to the restrictive legends.

121. Plaintiffs are entitled to have this Court issue an Order (i) declaring that Plaintiffs have satisfied all of the requirements of Rule 144 and that plaintiffs are entitled to have new stock certificates issued that are not embossed with a restrictive legend and (ii) directing Defendants to remove the restrictive legends from the Share certificates and to reissue the Share certificates as Plaintiffs initially requested.

122. Plaintiffs further request that the Court grant Plaintiffs a money judgment against Defendants for all damages suffered by Plaintiffs as a result of the decrease in the value of the Shares plus all costs and expenses incurred by Plaintiffs, including attorney's fees, in enforcing their rights, and for such further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants for:

(1) an amount in excess of $15,000 as actual damages;

(2) punitive damages in an amount to be determined at trial;

(3) injunctive relief requiring Defendants to reissue Plaintiffs' stock without the restrictive legends;

(4) injunctive relief barring Defendants from removing stock legends from any Seafarer stock until this dispute with Plaintiffs is fully resolved;

(5) injunctive relief barring Defendants from selling their Seafarer stock, directly or indirectly, until this dispute with Plaintiffs is fully resolved;

(6) a declaratory judgment that Plaintiffs are entitled to have their Shares reissued without the restrictive legend;

(7) such other incidental and consequential damages as may be proven at trial;

(8) costs, interest, and legal expenses allowed by law; and

(9) such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues of fact in this matter.

Respectfully submitted this 10th day of December, 2009.

LOCKE LORD BISSELL & LIDDELL LLP

Alan M. Wolper
Florida Bar No. 0061524
The Proscenium, Suite 1900
1170 Peachtree St., N.E.
Atlanta, Georgia 30309
(404) 870-4600
(404) 872-5547 (Fax)

*Attorneys for Plaintiffs*