# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MICAH ELDRED, et al.,**

     **Plaintiffs,**

**v.**                                    **Case No.  8:13-cv-2696-T-30EAJ**

**SEAFARER EXPLORATION CORP.,**
**CLEARTRUST, LLC, and KYLE**
**KENNEDY,**

     **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Seafare Exploration, Corp. and Kyle Kennedy's Motion to Remand (Dkt. 6).  Upon consideration of the motion, and being otherwise advised in the premises, the Court grants the motion and remands this case to the Thirteenth Judicial Circuit Court of Hillsborough County, Florida.

*Plaintiffs* removed this case based on a purported federal counterclaim.  To be clear, Defendants filed a motion in the state court action seeking leave to file a federal counterclaim; the motion remained pending at the time of removal.  Plaintiffs removed the case based on their assumption that the counterclaim would establish federal jurisdiction. Plaintiffs' removal is patently without merit.

Plaintiffs filed this action in state court in 2009, alleging only state-law claims. Federal law is clear that a counterclaim cannot serve as the basis for "arising under" federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 832 (2002).  In *Holmes Group*, a defendant asserted a compulsory patent law

counterclaim and argued that the well-pleaded complaint rule would allow the counterclaim to serve as the basis for federal question jurisdiction. *Id.* at 828-30. The Supreme Court disagreed, holding: "[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831 (citations omitted). The Supreme Court reasoned that, "[A]llowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832 (citations omitted).

Notably, federal law is clear that removal is limited to defendants and a plaintiff cannot remove, even in the position of a defendant with respect to a counterclaim. *See* 14C Wright & Miller, Federal Practice & Procedure § 3730 ("The federal courts have strictly interpreted these limitations, often speaking of the right to remove as being limited to 'true' defendants. Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them."). Accordingly, Defendants' motion to remand is granted.

Defendants' motion also seeks the attorney's fees and costs they incurred as a result of the improper removal under 28 U.S.C. § 1447(c). Courts use their discretion under section 1447(c) to award fees and costs. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005). The "standard for awarding fees should turn on the reasonableness of the removal." *Id.* Further, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely when an objectively reasonable basis exists, fees should be denied." *Id.*

As explained above, Plaintiffs' removal had no basis under the law or facts.  Simply put, the removal was not objectively reasonable.  Accordingly, the Court will award Defendants a reasonable amount of attorney's fees and costs.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Defendants Seafare Exploration, Corp. and Kyle Kennedy's Motion to Remand (Dkt. 6) is GRANTED.

2.      The Clerk of Court is directed to remand this case to the Thirteenth Judicial Circuit Court of Hillsborough County, Florida and provide that court with a copy of this Order.

3.      The Clerk of Court is directed to close this case and terminate any pending motions as moot.

4.      The Court retains jurisdiction regarding the attorney's fees and costs Defendants incurred in responding to the Notice of Removal.  Within seven (7) days of this Order, Defendants shall file an affidavit and supporting invoices detailing the attorney's fees and costs they incurred in responding to the Notice of Removal.  Plaintiffs may file a response to same within seven (7) days thereafter.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2696.remand.frm